Application denied without prejudice for failure to comply with the Court's Individual Practices. Plaintiff may renew his request by filing a letter motion as set forth in Rule 1(C) of the Court's Individual Practices, as necessary.

The Parties are reminded that any of the "interim deadlines" in paragraphs 5(b)-(e) and 6(b)-(e) of the Case Management Order may be "extended by the written consent of all parties without application to the Court," provided that fact and expert discovery are completed by the dates set forth in 5(a) and 6(a), respectively. (*See* Doc. 86).

The Clerk of Court is respectfully requested to terminate the letter motion pending at Doc. 95.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
         January 20, 2026

**The Honorable Philip M.**
United States District Judg
Charles L. Brieant Jr. Fede
300 Quarropas Street, Roo
White Plains, New York 1

**Re: Letter Motion to Modify Scheduling Order Under Fed. R. Civ. P. 16(b)(4)**

**Case No. 7:23-cv-10749 (PMH) - Brikman v. Westchester Medical Center Advanced Physician Services, P.C., et al.**

Dear Judge Halpern:

Plaintiff respectfully moves pursuant to Federal Rule of Civil Procedure 16(b)(4) to modify the Court's Civil Case Discovery Plan and Scheduling Order (ECF No. 86) for good cause. Plaintiff has proceeded diligently and has complied with obligations to date, including exchanging Rule 26(a)(1) initial disclosures. Plaintiff brings this request promptly upon recognizing that compliance with the existing deadlines is no longer feasible despite continued efforts to litigate and manage discovery obligations.

However, material post-order changes in Plaintiff's non-delegable, business-hour responsibilities substantially reduce the uninterrupted time blocks necessary to draft written discovery, review productions, and prepare multiple depositions under the current schedule. The requested modification is structured, finite, and designed to promote efficiency by sequencing discovery in a manner that permits informed depositions and reduces avoidable disputes.

**I. Current Scheduling Order Deadlines (ECF No. 86)**

The Scheduling Order sets, among other deadlines: (i) initial disclosures by January 5, 2026; (ii) initial requests for production of documents and interrogatories to be served by January 21, 2026; (iii) completion of non-expert depositions by March 21, 2026; (iv) completion of fact discovery by April 21, 2026; (v) a joint settlement/mediation letter by May 5, 2026; (vi) completion of all discovery by June 5, 2026; and (vii) the next case management conference on July 21, 2026 at 12:00 p.m. by telephonic conference.

**II. Case Complexity and Discovery Needs Require a Realistic Timeline for a Pro Se Litigant**

This is a multi-defendant employment discrimination and wage-related action asserting claims under the ADA, ADEA, Title VII, FMLA, NYSHRL, and NYLL. Meaningful fact discovery will require: targeted interrogatories and document requests; production and review of extensive employment and medical/accommodation-related records; and depositions of at least six individuals, including multiple named defendants and key non-party witnesses. Depositions in particular should proceed after core document productions so that examination outlines are grounded in the record and testimony is not duplicative or inefficient.

### III. Good Cause Under Rule 16(b)(4): Material Post-Order Changes and Non-Delegable Business-Hour Constraints

Since entry of the Scheduling Order, Plaintiff has assumed substantially increased, non-delegable responsibilities for an elderly family member's safety and medical management following an acute change in condition. These responsibilities are time-sensitive, unpredictable, and occur predominantly during business hours, repeatedly disrupting the uninterrupted multi-hour work periods necessary for discovery drafting and deposition preparation.

Plaintiff also has ongoing, time-sensitive administrative responsibilities assisting an immediate family member in connection with a financial fraud matter, including compiling and reviewing documents and coordinating communications with financial institutions and government entities. These obligations further consume the same business-hour blocks that discovery tasks in federal litigation require.

Plaintiff also manages chronic medical conditions that affect sustained attention and concentration. Plaintiff remains capable and committed to prosecuting this action, but these combined constraints materially limit the uninterrupted work blocks required to complete written discovery, document review, and deposition preparation on the existing schedule.

These constraints are structural rather than discretionary and constitute good cause to modify the schedule.

### IV. The Requested Modification Promotes Efficiency and Will Not Prejudice Defendants

No trial date has been set. A realistic modification now will promote judicial economy by reducing the likelihood of serial extension requests, discovery disputes, and motion practice driven by compressed deadlines. Defendants will not be prejudiced by an orderly sequence that allows (i) core document production to occur early, (ii) Plaintiff to review those materials, and (iii) depositions to proceed on a complete record, which is most likely to conserve party and Court resources.

### V. Proposed Modified Schedule (Phased and Sequenced)

Plaintiff respectfully proposes the following revised schedule:

- Service of initial interrogatories and document requests: May 29, 2026

- Substantial completion of core document production: July 31, 2026

- Completion of non-expert fact depositions: January 29, 2027

Plaintiff respectfully requests that depositions be scheduled after core document productions are exchanged and Plaintiff has a reasonable opportunity to review them, so that depositions are informed and efficiently conducted. This action also involves post-employment retaliation allegations that may require third-party discovery, which further supports a realistic and structured discovery timeline. Plaintiff further requests that the remaining deadlines in the Scheduling Order (including expert-related deadlines, the settlement/mediation submission date, and dispositive motion briefing) be adjusted commensurately based on the revised fact-discovery schedule or, in the Court's preferred approach, set at the July 21, 2026 conference after initial productions have begun. The modified schedule does not preclude the parties from exploring settlement at any stage.

Plaintiff is prepared to meet and confer promptly with Defendants regarding sequencing and dates consistent with the Court's directives.

Respectfully submitted,

*/s/ Igor Brikman*

Igor Brikman