UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IGOR BRIKMAN,

                              Plaintiff,

              -against-

WESTCHESTER MEDICAL CENTER
ADVANCED PHYSICIAN SERVICES, P.C.,
et al.,

                              Defendants.

**ORDER**

23-CV-10749 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff has filed an "Application for the Court to Request Pro Bono Counsel" (Doc. 89). For the reasons set forth below, the Court denies the application.

## **LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id*. Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

1

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Hodge*, 802 F.2d at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

### DISCUSSION

Plaintiff, though proceeding *pro se*, paid the filing fees to commence this action (*see* January 2, 2024 Docket Entry). Plaintiff subsequently filed a Request to Proceed in Forma Pauperis ("IFP") on December 27, 2025 (*see* Doc. 87). However, upon careful review of Plaintiff's IFP application, Plaintiff does not qualify for IFP status based on the information contained within such application. In his IFP application, Plaintiff states he is currently employed and earns approximately ▮▮▮▮ in monthly pay or wages, which amounts to approximately ▮▮▮▮ a year. (*Id.* at 1). In answer to the question of whether he has any cash, checking or savings accounts, Plaintiff states he has approximately ▮▮▮▮, in addition to maintaining ▮▮▮▮ in a brokerage

account. (*Id.* at 2). Further, Plaintiff, in his application to request *pro bono* counsel, represents that despite "contact[ing] multiple employment law firms" he has been "unable to secure representation." (Doc. 89).

Based upon the information that Plaintiff has provided, and despite Plaintiff's attempts to secure counsel, the Court is unable to conclude that paying the fees associated with this lawsuit would impose a serious financial hardship upon Plaintiff at this juncture. Accordingly, and despite previously denying Plaintiff's IFP application as moot, as Plaintiff had already paid the filing fees for this action (*see* Doc. 88), the Court now determines that Plaintiff has failed to sufficiently demonstrate that he is indigent, which standing alone, is sufficient for this Court to deny Plaintiff's request for *pro bono* counsel. S*ee Terminate Control Corp.*, 28 F.3d at 1341.

In any event, even if Plaintiff had sufficiently demonstrated indigent financial status, at this early stage in the case the Court finds that the other *Hodge* factors weigh against granting Plaintiff's application. Plaintiff has not sufficiently shown (1) that he is unable to investigate the crucial facts or present his case, (2) that cross-examination "will be the major proof presented to the fact finder," (3) that this matter will involve complex legal issues, or (4) why appointment of counsel would be more likely to lead to a just determination herein. *Id.* Further, "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio*, No. 11-CV-06061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012). Here, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Greenland v. Municipality of Westchester Cnty.*, No. 18-CV-3157, 2020 WL 4505507, at *4 (S.D.N.Y. Aug. 4, 2020) (cleaned up).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for *pro bono* counsel is denied without prejudice to a renewed application later in the case.

3

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff and terminate the motion sequence pending at Doc. 89.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: White Plains, New York
      January 8, 2026

_____
Philip M. Halpern
United States District Judge