UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IGOR BRIKMAN,

                              Plaintiff,

                  -against-

WESTCHESTER MEDICAL CENTER ADVANCED
PHYSICIAN SERVICES, P.C., et al.,

                           Defendants.

ORDER

23-CV-10749 (PMH)

PHILIP M. HALPERN, United States District Judge:

On December 27, 2025, Plaintiff filed an "Application for the Court to Request Pro Bono Counsel." (Doc. 89, "First Pro Bono Request"). On January 9, 2026, the Court issued an Order denying Plaintiff's First Pro Bono Request. (Doc. 91, "First Order Denying Pro Bono Counsel"). Subsequently, on February 8, 2026, Plaintiff filed a second request, stylized as a "Letter Motion for the Court to Request Pro Bono Counsel." (Doc. 102, "Second Pro Bono Request"). On February 10, 2026, the Court issued an Order denying Plaintiff's Second Pro Bono Request. (Doc. 103, "Prior Order").

On February 12, 2026, Plaintiff filed a letter motion under Local Civil Rule 6.3 for reconsideration of the Prior Order. (Doc. 104, the "Motion").[1] Plaintiff, in the alternative, requests that the Court treat his application as a "renewed application [for pro bono counsel]" under 28 U.S.C. § 1915(e)(1). (*Id.*).[2]

---

[1] While Plaintiff's cover letter to his Motion (Doc. 104 at 1-2) appears to only request reconsideration of the Prior Order, the remainder of his application (Doc. 104 at 3-5) cites to both the Prior Order and the First Order Denying Pro Bono Counsel, together, as the "Orders." Accordingly, the Court construes the Motion as an application for reconsideration of both the Prior Order and the First Order Denying Pro Bono Counsel and analyzes the application as such.

[2] Defendants did not file any opposition to the Motion.

1

Upon careful review and consideration of the foregoing filings, and for the reasons set forth below, Plaintiff's Motion, including any alternative "renewed application [for pro bono counsel]" is DENIED.

## STANDARD OF REVIEW

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e)[,] [60(b),] and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-02543, 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-02463, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)); *see also In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) ("The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same."). Reconsideration of a court's order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

The movant must demonstrate that the Court overlooked "controlling decisions or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Generally, a party seeking reconsideration must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 14-CV-10116, 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701-02 (S.D.N.Y. 2011)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise

2

taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see also Polsby v. St. Martin's Press, Inc.*, No. 97-CV-00690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court."). "Therefore, a motion for reconsideration should be denied if the moving party merely offers substantially the same arguments he offered on the original motion." *Premium Sports Inc. v. Connell*, No. 10-CV-03753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (cleaned up). Motions for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). The decision of whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## ANALYSIS

Plaintiff's Motion seeks reconsideration of the Prior Order and First Order Denying Pro Bono Counsel on the following bases: (1) the Court overlooked the "controlling necessity-based 'inability to pay' framework recognized by the Supreme Court and the Second Circuit"; and (2) the Court misapplied the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). (*See* Motion at 3-5). Plaintiff also seeks in the alternative, that the Court construe the Motion as a renewed application for pro bono counsel. (*Id.* at 5). Of course, the revisiting of arguments already made and considered by the Court is proscribed on a motion for reconsideration. Nevertheless, the Court analyzes each argument *seriatim*.

3

I.       "Inability-to Pay" Framework

Plaintiff first seeks reconsideration of the Prior Order on the ground that the Court failed to recognize that a plaintiff need not be "absolutely destitute" for pro bono counsel to be assigned, and therefore, "bright-line rules" concerning indigence should not have been applied. (Motion at 3-4). Plaintiff cites to *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948) and *Potnick v. Eastern State Hosp.*, 701 F.2d 243 (2d Cir. 1983) to support this premise. The Court, in the Prior Order, and in the First Order Denying Pro Bono Counsel, considered all of the admissible facts in the record, including a careful review of the financial information Plaintiff provided, to determine that "Plaintiff . . . failed to sufficiently demonstrate that he is indigent." (*See* Doc. 98, 103). The Court also noted that Plaintiff paid the filing fees in this action. (*See* January 2, 2024 Docket Entry). While the Court is mindful that a movant need not be "absolutely destitute" to sufficiently demonstrate indigence, *see Rosa v. Doe*, 86 F.4th 1001, 1010 (2d Cir. 2023), the Court must also balance any such financial analysis with the fact that "[c]ourts must . . . grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the 'precious commodity' of volunteer-lawyer time for those litigants whose causes are truly deserving." (First Order Denying Pro Bono Counsel at 1). Plaintiff's application makes plain that even though he may not be "absolutely destitute," he is currently working, and has multiple funded financial accounts (*see* Docs. 87, 89, 102), which the Court carefully considered in its previous analyses. (*See* First Order Denying Pro Bono Counsel and Prior Order). Thus, despite Plaintiff's contentions that such income is "substantially consumed by essential obligations," the Court, in its discretion, properly held that Plaintiff was not indigent for the purposes of his application, and reiterates such holding herein.

Additionally, while the Court noted that such finding was sufficient standing alone to deny Plaintiff's request, it continued the analysis as to the *Hodge* factors. Accordingly, the branch of the Motion as to Plaintiff's financial status is denied.

II.    Application of the *Hodge* Factors

Plaintiff also argues that the Court improperly applied the *Hodge* factors, claiming that the Orders "do not account for the discovery-stage prejudice that occurs in a multi-defendant employment case that has already survived dismissal in significant part." (Motion at 3-4). As an initial matter, Plaintiff's dissatisfaction with the Court's application of the *Hodge* factors is not a proper basis for reconsideration. S*ee In re Motors Liquidation Co.*, No. 13-CV-01721, 2014 WL 335599, at *1 (S.D.N.Y. Jan. 28, 2014) ("A motion for Rule 60(b) relief is properly denied where the moving party merely seeks to relitigate an issue already decided." (citing *Donovan v. Sovereign Sec., Ltd.,* 726 F.2d 55, 60 (2d Cir. 1984))); *Benjamin v. Goord*, No. 02-CV-01703, 2010 WL 3341639, at *1 (S.D.N.Y. Aug. 18, 2010) ("A motion for reconsideration is not, however, a 'second bite at the apple' for a party dissatisfied with a court's ruling." (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998))). In any event, the Prior Order and First Order Denying Pro Bono Counsel addressed Plaintiff's argument, considering the "procedural posture" of the case, and reviewed the *Hodge* factors, holding that they weighed against granting Plaintiff's applications. (Prior Order at 1; First Order Denying Pro Bono Counsel at 3).

Thus, the branch of Plaintiff's motion concerning the Court's application of the *Hodge* factors is denied.

III.    Plaintiff's Renewed (Third) Application for Pro Bono Counsel

The procedural posture of this case has not changed since Plaintiff's prior request was denied just over one month ago, on February 10, 2026. (Doc. 102, Doc. 103). Additionally, as

detailed above, the Court finds that Plaintiff has failed to sufficiently show that he is indigent under the standards of 28 U.S.C. § 1915(e)(1), which, again, "is sufficient for this Court to deny Plaintiff's request for pro bono counsel." (*See* Doc. 103).[3] Accordingly, Plaintiff's third application for pro bono counsel is denied without prejudice to renewing at a later stage of the litigation should his circumstances so warrant a renewed application. As mentioned in the Prior Order, Plaintiff is encouraged to contact the City Bar Justice Center and specifically, its Federal *Pro Se* Legal Assistance Project to make an appointment and request procedural assistance with this case. Plaintiff may access the City Bar Justice Center's webpage at the following link, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/, or by phone at (212) 382-4794.

<u>**CONCLUSION**</u>

Because Plaintiff has failed to raise any intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or the need to prevent manifest injustice, the motion for reconsideration of the Prior Order and/or the First Order Denying Pro Bono Counsel is DENIED. Additionally, Plaintiff's renewed application for pro bono counsel is also DENIED.

The Clerk of Court is respectfully requested to terminate the pending letter motion. (Doc. 104).

---

[3] Plaintiff also requests the Court's leave to "submit a narrowly tailored financial exhibit under seal or for in camera review" to support the indigence prong of his renewed application for pro bono counsel (*see* Motion at 1, 5). The application is denied as unnecessary. As detailed herein, the *Hodge* factors weigh against granting Plaintiff's application, and therefore any submission of a "narrowly tailored financial exhibit" will not change the outcome of Plaintiff's application at this time.

SO ORDERED:

Dated: White Plains, New York
       March 25, 2026

_____

Philip M. Halpern
United States District Judge