Application granted in part. Specifically, Plaintiff's time to comply with Rule 30(e)(1) of the Federal Rules of Civil Procedure is extended to November 16, 2026. Plaintiff's application is otherwise denied.

The Clerk of Court is respectfully requested to terminate the letter motion pending at Doc. 147.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
October 23, 2026

**The Honorable Philip M. Halpern**
United States District Judge
Charles L. Brieant Jr. Federal Building and
300 Quarropas Street, Room 530
White Plains, New York 10601

**Re: *Brikman v. Westchester Medical Center Advanced Physician Services, P.C., et al.*, No. 7:23-cv-10749 (PMH) — Letter-Motion to Extend Plaintiff's Rule 30(e) Review Period**

Dear Judge Halpern:

Plaintiff requests that his time to review and correct his deposition transcript be extended to December 1, 2026, or such other date as the Court deems reasonable. Fed. R. Civ. P. 6(b)(1)(A), 30(e)(1). The earliest possible deadline is October 28, 2026. This is Plaintiff's first request to extend it, and the extension would change no other deadline. Defendants respond only: "We cannot consent given the Court's scheduling order."

Defendants controlled the timing. Plaintiff requested review on the record before his September 9 deposition closed. Defense counsel then stated that Defendants would review the transcript before Plaintiff received it. The reporter never notified Plaintiff that the transcript was available. Defense counsel sent it to him under cover dated September 28; Plaintiff did not see a page of his own testimony for nineteen days. Defense counsel sent the confidential portions, exhibits, and video recording on October 2.

Rule 30(e)(1) gives the deponent 30 days "after being notified by the officer that the transcript or recording is available." No officer gave that notice. At the earliest, the period runs from September 28; the complete record arrived October 2. Either way, this request precedes the period's expiration, so it requires only good cause, not excusable neglect, and the Court may grant it even after October 28. Fed. R. Civ. P. 6(b)(1)(A); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990). The Court "has the discretion to extend a deponent's time to review the transcript." *Adams v. Co-op City Dep't of Pub. Safety*, No. 21-CV-2675 (DEH) (BCM) (S.D.N.Y. Apr. 5, 2024) (citing *Wilson v. Calderon*, 2016 WL 3522206, at *1 (S.D.N.Y. June 16, 2016)).

Good cause is plain. The transcript requires changes in both form and substance. Fed. R. Civ. P. 30(e)(1)(B). A spot check alone found errors at several points, including words attributed to Plaintiff that he never said. Because those errors are scattered across a seven-and-a-half-hour deposition, the review must cover the entire transcript, but the corrections will be limited to material errors, each checked against the video, which Defendants did not provide until October 2.

Plaintiff has kept pace with this case regardless. He produced his documents, executed the ordered authorizations, and sat for a full-day deposition two days after his mother's emergency. Since October 2, he has prepared and filed the motion for reconsideration the Court permitted, due October 16. ECF 145. He has done all of this while caring for his mother since the hospitalization and surgery described in ECF 141 and for his 102-year-old grandmother, managing his own headaches and concentration limitations, and working a part-time position. His October 16 motion's reference to "full-time employment" should read "part-time employment." December 1 is a fixed date that accounts for these obligations and allows him to complete the review.

Defendants identify no provision of the scheduling order that governs Rule 30(e) review, and no prejudice from the extension. Review corrects the record of testimony already given; it is not new discovery. The extension affects only when Plaintiff's corrections are made, not whether he may make them: Rule 30(e) "places no limitations on the type of changes that may be made," and each change must be listed with its reason. *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) (internal quotation marks omitted); Fed. R. Civ. P. 30(e)(1)(B). The only question is whether the record of Plaintiff's testimony will be accurate. Plaintiff therefore requests that his time to sign and submit his Rule 30(e) statement of changes be extended to December 1, 2026, or such other date as the Court deems reasonable.

Plaintiff's October 16 motion attaches Exhibits A and B, his August 26 and September 2, 2026 letters. To avoid burdening the Court, he did not attach the other correspondence it cites and will provide it on request.

Respectfully submitted,

/s/ Igor Brikman
Igor Brikman, Plaintiff Pro Se